UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GRIFFIN HEADRICK,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD MORGAN,<br><br>    Respondent. | Case No.  C05-5228RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 8, 2005 |

Petitioner is a state prisoner currently incarcerated at the Washington State Penitentiary, located in Walla Walla, Washington.  This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this court on March 24, 2005, pursuant to 28 U.S.C. § 2254. (Dkt. #10).  After a careful review of the record, the undersigned submits the following report and recommendation, recommending the court deny the petition as untimely.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by conclusion of direct

REPORT AND RECOMMENDATION
Page - 1

      review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

      For those persons in state custody whose convictions became final prior to the enactment of the AEDPA, the statute of limitations began to run on April 24, 1996, the date the AEDPA was enacted, and expired one year later on April 24, 1997, unless statutory tolling applied. Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

      Petitioner states in his petition that he was convicted and sentenced in Thurston County Superior Court on June 30, 1993, pursuant to a plea agreement. Petition, p. 2[1]; Appendix A, attached to Petition, p. 1. While petitioner states that he appealed his conviction, that "appeal" appears to have been a personal restraint petition that was dismissed by the Washington Court of Appeals on January 30, 2004. Petition, pp. 2-3. Although it is not clear when petitioner filed his petition, as noted above, it was not dismissed until more than ten years after petitioner was convicted and sentenced, and nearly seven years after the statute of limitations had expired for those persons whose convictions became final prior to the enactment

---

[1] This is actually the first page of petitioner's petition. However, it is numbered page "(2)" at the bottom. Thus, the second page of petitioner's petition is numbered page "(3)", and so on. For the sake of clarity and consistency, the court has used the page numbers that appear on the pages of petitioner's petition in its citations.

REPORT AND RECOMMENDATION
Page - 2

of the AEDPA.

As such, it seems highly unlikely that the one-year statute of limitations did not expire prior to petitioner's filing of his petition. In addition, another nine months had passed between the denial of that petition and petitioner's filing of a state petition for writ of *habeas corpus*. Petition, p. 5. Nevertheless, on May 10, 2005, the court issued an order to show cause (Dkt. #11), granting petitioner the opportunity to show that his federal *habeas corpus* petition was not now time-barred.

Petitioner filed a response to the court's order to show cause on June 9, 2005. (Dkt. #12). In that response, petitioner does not argue that less than one year has passed between the date his conviction and sentence became final and the date he filed his federal *habeas corpus* petition with this court. Rather, petitioner asserts that because the charges against him were brought by the prosecutor by information and not by a grand jury indictment, the sentence imposed by the state court was in excess of its jurisdiction. In essence, as in his petition, petitioner appears to be arguing that the failure to charge him by way of a grand jury indictment violated his constitutional rights.

Petitioner's argument is without merit. It is true that the Fifth Amendment to the United States Constitution provides the right to a grand jury proceeding for a capital or otherwise infamous offense. This federal guarantee of a grand jury indictment, however, has not been applied to the states. Branzburg v. Hayes, 408 U.S. 665, 688 n. 25 (1972). Further, not only does the federal Constitution not require any particular state indictment rule, it does not require an indictment at all if sufficient notice of the charges is given in some other manner. See Combs v. Tennessee, 530 F.2d 695 (6th Cir. 1976), cert denied, 425 U.S. 954 (1976). In addition, under the Washington State Constitution, a defendant may be charged "either by indictment by a grand jury or by an information filed by the prosecuting attorney." State v. Westphal, 62 Wn.2d 301, 269-70 (1963).

## CONCLUSION

Because petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION
Page - 3

1  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **July 8, 2005**,
3  as noted in the caption.
4      DATED this 16th day of June, 2005.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge